RECEIVED
IN LAKE CHARLES, LA

APR 10 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAN A VANNATTA | : | DOCKET NO. 2:04 CV 2352 |
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the plaintiff's petition for review of the Commissioner's denial of social security disability benefits, the Magistrate Judge's Report and Recommendation ("R&R") and the plaintiff's objections to the R&R.

This court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole, that is, evidence that reasonable minds would accept as adequate to support the Commissioner's conclusion. 42 U.S.C. §§ 405(g), 1382(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir. 1999). The review is more than a search of the record for evidence supporting the Secretary's findings. *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987); *Muncy v. Apfel*, 247 F.3d 728 (8th Cir., 2001). In determining substantiality, the court must also balance the weight of the evidence that detracts from the Commissioner's decision. *Muncy, Id.*

The plaintiff's objection is that the ALJ's residual capacity finding is not supported by substantial evidence and, based on the facts of his case, that he is entitled to an evaluation by a vocational rehabilitation expert.

The ALJ determined that Vannatta retained the residual functional capacity to perform work "at all exertional limitations," reduced by an inability to drive automotive equipment or to work around dangerous moving machinery and at unprotected heights. (Tr. 18, 20). The ALJ found that Vannatta's residual capacity was further reduced by an inability to work in the presence of high concentrations of dust, fumes, gases, smoke, or other airborne respiratory irritants. *Id.*

On May 29, 2001, a physical residual functional capacity assessment was completed by a non-examining agency physician, Erol Kozdereli, M.D. (Tr. 84-91). Dr. Kozdereli is a specialist. His primary specialty is internal medicine while his secondary specialty is pulmonary diseases. (Tr. 92). He indicated that the plaintiff was to avoid even moderate exposure to dust, fumes, gases, poor ventilation, hazardous machinery, and heights. *Id.* Dr. Kozdereli further indicated that Vannatta could occasionally lift 20 pounds, and frequently lift 10 pounds. He could sit, stand and walk for about six hours in an eight hour day. Pushing and pulling were unlimited. But, Dr. Kozdereli found that Vannatta was unable to climb a ladder, rope, or scaffolds. All other postural activities were limited to occasional. A potential difficulty with repetitive wrist bending was noted. *Id.*

On August 24, 2002, Vannatta was examined by Vanessa Thomas, M.D. (Tr. 201-203). Dr. Thomas is a family practitioner (Tr. 207). At the examination Vannatta weighed 274 pounds and was deemed obese. He ambulated well, with a slow gait. He experienced mild wheezing bilaterally. Vannatta had a normal grip strength, with a left wrist brace. He exhibited some balance loss, but he was able to squat. His motor strength was 5/5. Chest x-rays revealed increased pulmonary vasculature bilaterally, with hyperinflation. Dr. Thomas diagnosed mild chronic obstructive pulmonary disease. She further diagnosed a history of head injury, with repeated memory problems and an inability to maintain balance. She stated that Vannatta could sit, stand, walk, lift, hear, speak,

and handle objects without limitation. *Id.* Dr. Thomas also completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) (Tr. 204-207). Dr. Thomas indicated that Vannatta had no limitations at all. *Id.*

In making his final determination, the plaintiff alleges that the ALJ omitted Dr. Kozdereli's assessment and relied solely upon the assessment by Dr. Thomas. Dr. Kozdereli indicated that he had examined a "complete case record." Dr. Thomas did not mention Vannatta's seizure disorder, nor does she mention the EEG performed on March 28, 2002, which supported the plaintiff's allegations of seizures. R&R, p. 6, n. 5. The plaintiff argues that nothing in the report by Dr. Thomas reflects an awareness of the seizure disorder, therefore her opinion, assessing absolutely no limitation at all, is inconsistent with the record as a whole. The plaintiff further argues that, given the nature of Vannatta's impairments, the ALJ should have consulted a vocational expert. SSR 85-15.

The application of SSR 85-15 is limited to those cases in which the Commissioner finds that the claimant is not disabled at Step V. SSR 85-15 applies to situations in which the claimant suffers an alleged mental impairment that causes a severe adverse reaction to even the mildest demands of work. The record contains evidence that Vannatta may suffer from such a condition, i.e. seizure disorder. *Leggett v. Chater*, 67 F.3d 558, 565 (C.A.5 (Tex.), 1995).

The Fifth Circuit has consistently held that once the ALJ determines that a claimant suffers from a nonexertional impairment that prevents her from performing her past work and the full range of other available work, the Secretary must produce "expert vocational testimony or other similar evidence" to establish that jobs exist in the national economy that the applicant can perform. *Ghorman v. Heckler*, No. 85-3444, slip op. at 9-10 (5th Cir. Jan. 21, 1986) [782 F.2d 1038 (table)];

3

*see also, e.g., Lawler v. Heckler,* 761 F.2d 195, 198 (5th Cir.1985). The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job. *Fields v. Bowen,* 805 F.2d 1168, 1170 (C.A.5 (La.),1986).

SSR 83-14 recommends consultation with vocational resources to evaluate cases in which a claimant has a combination of exertional and nonexertional limitations. SSR 83-14, 1983 WL 31254, at *4; *cf. Cummins v. Schweiker,* 670 F.2d 81, 84 (7th Cir.1982). The policy statement also specifies that if a vocational expert is consulted and the claimant found not disabled, the ALJ's determination must include "(1) citations of examples of occupations/jobs the person can do functionally and vocationally and (2) a statement of the incidence of such work in the region in which the individual resides ...." SSR 83-14, 1983 WL 31254, at *6.

The regulations and case law indicate that in such situations it is appropriate to consult with a vocational expert, which the ALJ did not do. *See Luna v. Shalala,* 22 F.3d 687, 691 (7th Cir.1994) ("[T]his court has said that in cases where a non-exertional limitation might substantially reduce a range of work an individual can perform, the ALJ must consult a vocational expert.") (citing *Warmoth v. Bowen,* 798 F.2d 1109, 1110 (7th Cir.1986)); *Haynes v. Barnhart,* 416 F.3d 621, 629 (C.A.7 (Wis.), 2005).

The plaintiff argues that, since the ALJ did not mention the plaintiff's non-extertional impairments, which were documented in the record, he is entitled to a remand for evaluation by a

4

vocational rehabilitation expert. The court agrees and this case will be remanded.

Lake Charles, Louisiana, this 7 day of April, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5